IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION ) <br> OF NEW MEXICO ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALBUQUERQUE PUBLIC SCHOOLS, et al. ) <br> ) <br> Defendants. ) | NO. CV 05-541 RB/WPL |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on the Defendants' (Albuquerque Public Schools, et al.) Motion to Dismiss, filed on July 11, 2005 (Doc. 7), Plaintiff's (American Civil Liberties Union of New Mexico) Motion to File an Amended Complaint and Join Party Plaintiffs, filed on July 26, 2005 (Doc. 9), and Plaintiff's Supplemental Motion to Amend Complaint and Join Party Plaintiffs (Doc. 13), filed on August 17, 2005. Plaintiff filed a response to Defendants' motion and Defendants' filed a reply. As to Plaintiff's Motion to File an Amended Complaint and Join Party Plaintiffs, Defendants filed a response and Plaintiff filed a reply. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having considered the submissions, arguments of counsel, and being otherwise fully advised, I hereby grant Defendants' motion without prejudice and deny Plaintiff's motions as follows.

**I. Background.**

On May 5, 2005, Plaintiff filed suit in the Second Judicial District Court of the State of New Mexico seeking declaratory and injunctive relief from Defendants' alleged violations of Plaintiff's

privacy rights. Namely, Plaintiff alleged that Defendants acted unlawfully by failing to notify parents prior to disclosing their children's contact information to military recruiters. Defendants removed this action on May 17, 2005, pursuant to 28 U.S.C. § 1441.

On July 11, 2005, Defendants moved to dismiss the instant case pursuant to FED. R. CIV. P. 12(b). Defendants asserted, in significant part, that Plaintiff: (1) lacked standing to sue under Article III of the United States Constitution; and (2) failed to state a claim upon which relief can be granted because NCLBA § 7908 neither contains a private right of action nor creates a federal right individually enforceable under 42 U.S.C. § 1983.

Thereafter, Plaintiff moved for leave to file a First Amended Complaint on July 26, 2005. Plaintiff filed a supplemental motion for leave to file a revised First Amended Complaint on August 17, 2005. Pursuant to FED. R. CIV. PRO. 15(a), Plaintiff sought to amend the complaint, *inter alia*, by joining Judy Brown and Diane Souder, as party plaintiffs.[1] Brown and Souder are parents of Albuquerque Public School (hereinafter "APS") high school students. According to Plaintiff, Defendants allegedly disclosed the contact information of both Brown and Souder's children to military recruiters without notifying them of their right to exempt their student from this disclosure.

**II. Analysis.**

The "futility question under Rule 15(a) is functionally equivalent to whether a complaint may be dismissed for failure to state a claim." *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citations omitted). Accordingly, Defendants' Motion to Dismiss and Plaintiff's motions for leave to amend the complaint must be considered in tandem. *See id.*

---

[1]Additionally, Plaintiff's proposed First Amended Complaint would add language, under Counts I-VI, that Defendants' alleged violations of NCLBA § 7908 were the "direct and proximate cause of harm to the students and parents." *See* Mot. to File an Am. Compl. and Join Party Pls. Ex. A.

The Tenth Circuit is clear that a "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier*, 186 F.3d at 1218. Determining whether a complaint is subject to dismissal under Rule 12(b), requires a court to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Martin v. Cent. States Emblems, Inc.*, No. 04-3417, 2005 WL 2503838, at *4 (10th Cir. Oct. 11, 2005) (internal quotation omitted). That is, all "well-pleaded facts, as distinguished from conclusory allegations" are accepted as true and viewed "in the light most favorable to the nonmoving party."[2] *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (internal quotation omitted). Therefore, only if "it appears beyond doubt that [Plaintiff] can prove no set of facts in support of [its] claim that would entitle [it] to relief" is it appropriate to: (1) deny Plaintiff's motions for leave to amend the complaint on futility grounds; and (2) grant Defendants' Rule 12(b) motion. *See Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1244 (10th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**A.  Plaintiff's motions for leave to file an amended complaint and join party plaintiffs.**

Defendants maintain that Plaintiff's proposed First Amended Complaint is "futile" because the proposed pleading would be subject to dismissal on two grounds: (1) Plaintiff lacks standing to bring the instant action; and (2) NCLBA § 7908 does not contain a private right of action nor does it create rights enforceable under 42 U.S.C. § 1983. Because "'constitutional standing is necessary to the court's jurisdiction, as a general rule[,] it must be addressed before proceeding to the merits.'" *Carolina Cas. Ins. Co., Denver C. Fox v. Pinnacol Assurance*, No. 02-1512, 2005 WL 2476229, at *4 (10th Cir. Oct. 7, 2005) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96-97

---

[2] It bears mention that in "deciding a Rule 12(b)(6) motion, a federal court typically may only consider facts alleged in the complaint." *Martin*, 2005 WL 2503838, at *4. Arguably this rule controls this Court's determination of whether Plaintiff's 15(a) motion is "futile," as well. *See* discussion *infra* Part II.A.

3

(1998)).  Here, as discussed *infra*, standing is outcome determinative and, therefore, the Court need not reach Defendants' substantive arguments as to NCLBA § 7908 to dispose of the pending motions.

Standing is, fundamentally, a question of whether a plaintiff is "entitled to have the court decide the merits of the dispute or of particular issues."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see also Kan. Health Care Ass'n v. Kansas Dep't of Soc. & Rehab.*, 958 F.2d 1018, 1021 (10th Cir. 1992) (citing *Warth*, 422 U.S. at 498) (standing imports "constitutional considerations related to the 'case or controversy' limitation of Article III").  To satisfy Article III's "case or controversy" requirement, a plaintiff must show:

> (1) "injury in fact," which means "an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) "a causal relationship between the injury and the challenged conduct;" and (3) "a likelihood that the injury will be redressed by a favorable decision."

*Skull Valley Band of Goshute Indians v. Nielson*, 376 F.3d 1223, 1233 (10th Cir. 2004) (brackets omitted) (quoting *Northeastern Fla. Chapter of the Ass'n Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 663-64 (1993)).

Organizations, like the ACLU-NM, may have standing to sue "'solely as a representative of its members,'" as well as to assert claims on their own behalf.  *Pa. Psychiatric Soc'y v. Green Spring*, 280 F.3d 278, 283 (3d Cir. 2002) (citing *N.Y. State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1, 108 (1988)).  Clearly, however, a "grant of associational standing does not eliminate or attenuate the constitutional requirement that the action present a legitimate case or controversy."  *Id.*  It is "well established," therefore, that to sue on behalf of its members an organization must satisfy the following three-part test:

(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Colo. Envtl. Coalition v. Wenker*, 357 F.3d 1221, 1241 (10th Cir. 2004) (quoting *Hunt v. Wash. Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)).

Plaintiff's complaint, as well as its proposed First Amended Complaint, did not evidence that Plaintiff has organizational standing.  Simply put, Plaintiff has failed to show that it is representing aggrieved members in this action.  First, nowhere in the complaint nor in either version of its proposed First Amended Complaint did Plaintiff aver that its unnamed members, "who are subject to the [NCLBA]," are: (1) either enrolled in Defendants' schools, or have children enrolled in Defendants' schools; and (2) incurred a concrete, actual injury as a result of Defendants' allegedly unlawful conduct at issue in this matter.  *See* Supp. Mot. to File an Am. Compl. and Join Party Pls. at 3:¶6.  It is simply not enough that Plaintiff noted in a motion paper -- rather than in its pleading -- that "members of the ACLU-NM who are parents of children at Defendants' high schools have been deprived of the statutory right conferred upon them by [NCLBA]."  *See* Pl.'s Resp. to Defs.' Mot. to Dismiss at 5.

Second, the proposed joinder of Brown and Souder would not furnish Plaintiff with organizational standing.  Indeed, the proposed First Amended Complaint does not allege that Brown or Souder are members of ACLU-NM.  Absent an allegation of membership in ACLU-NM, even if Brown or Souder have standing to sue in their own right, their joinder cannot satisfy Article III's requirements as to Plaintiff.

In any case, Brown and Souder's joinder cannot save the instant action from dismissal.

Brown and Souder are simply *not* parties to this action.  Therefore, to the extent that Plaintiff suggests that Brown and Souder can independently maintain the instant action against Defendants, they are mistaken.

Having found that ACLU-NM, the only Plaintiff here, lacks standing, this Court is without subject matter jurisdiction over this matter and "cannot proceed at all in any cause."  *See Estate of Harshman v. Jackson Hole Moutain Resort Corp.*, 379 F.3d 1161, 1168 (10th Cir. 2004) (internal quotation omitted).  Because "[j]urisdiction is power to declare the law, . . . when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Id*.  Consequently, this Court lacks authority to determine whether, in fact, Brown or Souder have standing, and therefore, whether the instant action can proceed.

As an aside, the Court notes its surprise that Plaintiff failed to cure its defective organizational standing, despite having three opportunities to do so.  To avoid the instant motion, Plaintiffs needed only to have plead facts sufficient to satisfy the well-established, requisite showing for organizational standing.  In so doing, Plaintiff could have spared this Court and Defendants the time and expense of responding to the instant motions.

For the forgoing reasons, neither the complaint nor Plaintiff's proposed First Amended Complaint satisfy Article III's strictures.  Plaintiff's proposed First Amended Complaint, therefore, *would* be "subject to dismissal" and, consequently, Plaintiff's Motion to Amend Complaint is "futile."  *See Gohier*, 186 F.3d at 1218 (discussing grounds for denying Rule 15(a) motions on "futility" grounds).  Accordingly, Plaintiff's motions for leave to amend the complaint and join party plaintiffs are, therefore, denied.

**B. Defendants' Motion to Dismiss.**

As discussed *supra* Part II.A., Plaintiff does not have standing to maintain the instant action. Because this Court, therefore, lacks subject matter jurisdiction, Defendants' Motion to Dismiss is granted pursuant to Rule 12(b). Nevertheless, Plaintiff's complaint is dismissed without prejudice for the following reasons.

First, Plaintiff's lack of organizational standing appears to be easily remediable. *See* Pl.'s Resp. to Def's Mot. to Dismiss at 5 ("members of the ACLU-NM who are parents of children at Defendants' high schools have been deprived of the statutory right conferred upon them by [NCLBA]"). Second, the present action is in its infancy. Discovery is barely underway and, significantly, both Plaintiff's 15(a) motions were filed before the Rule 16 scheduling conference held by Judge Lynch on August 18, 2005. Hence, allowing Plaintiff the opportunity to re-file its complaint would not unduly surprise or otherwise prejudice Defendants and would be consistent with the spirit of the Federal Rules. *Cf. United States v. Ohiri*, No. 03-2239, 133 Fed. Appx. 555, 559 (10th Cir. June 7, 2005) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**